UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 1:16-cv-24569 COOKE/TORRES

TIC PARK CENTRE 9, LLC, a
Delaware limited liability company,

        Plaintiff,

vs.

MICHAEL MANUEL CABOT, CATHERINE
CABOT, MARINER PROPERTY MANAGEMENT
SERVICES, LLC, WTK REALTY, LLC, and
JASON KRAUS,

        Defendants.
_____/

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND TO QUASH
SUBPOENA TO TD BANK, N.A. AND INCORPORATED MEMORANDUM OF LAW**

      Defendants Michael Manuel Cabot ("Michael Cabot"), Catherine Cabot, Mariner Property Management Services, LLC, and WTK Realty, LLC, pursuant to Federal Rule of Civil Procedure 26(c) and 45(d), submit this Motion for Protective Order and to Quash Subpoena to TD Bank, N.A. to prevent Plaintiff from obtaining certain documents.

**I.**    **SUMMARY OF ARGUMENT**

      Defendants seek a protective order to bar plaintiff from enforcing, in part, a subpoena served on TD Bank. The subpoena is overbroad with regard to the time period (2007 through the present) that it seeks documents for because the claims at issue concern the time periods of 2010 through April 2011 and April 2011 through 2012. The subpoena also seeks all documents regarding the personal account information of Michael Cabot and Catherine Cabot, most of which are not relevant to the parties' claims and defenses. To the extent plaintiff is seeking documents regarding payments to either of Michael Cabot or Catherine Cabot related to plaintiff's claims at issue, the request is overbroad. Any such documentation will be contained in

the account information for Mariner Property Management Services, LLC, Mariner Asset Management, LLC, or WTK Realty, LLC. In addition, non-party Mariner Asset Management Services, LLC's account information is not relevant to the issues in this case because that entity was not involved with the property at issue.

## II. CASE BACKGROUND

This case concerns the management of an office-retail center located in Miami Gardens, Florida (the "Property"). Plaintiff, a qualified and accredited investor, purchased a tenant in common interest in the Property in 2007. [Dkt 1, ¶¶ 34 and 39] As part of that purchase, plaintiff entered into a Property and Asset Management Agreement regarding the Property with Mariner Property Management Services, LLC, which was controlled by Michael Cabot and Mark Wojnar. [Dkt 1, ¶¶ 37, 41 and 42]. Mariner Property Management Services, LLC managed the Property from 2007 until April 2011, when plaintiff and other tenants in common selected a new manager for the Property, Midgard Management, Inc., which began managing the Property in April 2011. [Dkt 1, ¶ 63].

Plaintiff alleges that Mariner Property Management Services, LLC, Michael Cabot, and Mark Wojnar violated their duties under the Property Management Agreement and a separate Tenant In Common Agreement by entering into what plaintiff alleges were two "fraudulent" leases with Park Centre Med-Suites, LLC and Garden Med-Suites, LLC in 2010, who then sub-let space to other tenants. [Dkt 1, ¶¶ 20, 21, 22, and 23]. As a result of those sub-leases, plaintiff alleges that $130,000 in rental income that otherwise would have been paid to the Property between 2011 and 2012 was diverted from the Property to the owner of those two entities, Jeffrey Miller, and $164,848.59 in broker commissions was paid to WTK Realty, LLC, which plaintiff alleges were disguised payments of Property income to Cabot and Wojnar. [Dkt 1, ¶¶

2

24, 121, 165, and 254]. After Midgard Management, Inc. took over the management of the Property in April 2011, it brought eviction actions against Park Centre Med-Suites, LLC and Garden Med-Suites, LLC, which plaintiff alleges Cabot and Wojnar sought to delay. [Dkt 1, ¶¶ 127 - 130]. Plaintiff further alleges that the leases with Park Centre Med-Suites, LLC and Garden Med-Suites, LLC and the eviction actions caused the Property to be lost through foreclosure in September 2014, resulting in the loss of plaintiff's $3 million investment in the Property. [Dkt 1, ¶¶ 154 - 157].

Defendants deny plaintiff's allegations and contend that they acted properly and within the scope of the Property and Asset Management Agreement. [Dkt 39 ¶¶ 1-276 and 1st Aff Def]. Defendants further contend that any loss that plaintiff suffered was due to the economic recession that occurred between 2008 and 2011, which resulted in tenants going out of business and vacating the property and occupancy dropping below 50%, and the actions of Midgard Management, Inc., and plaintiff's principal, Jesus Linares, after they took over management of the property in April 2011. [Dkt 39 – 2nd Aff Def - 18th Aff Def].

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c), the Court may enter a protective order whenever "justice requires" in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, under Federal Rule of Civil Procedure 45(c), the Court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies," and a court may quash or modify a subpoena if it discloses certain confidential information. Fed. R. Civ. P. 45(c)(3)(A)(iii) and Fed. R. Civi. P. 45(c)(3)(B)(i). For a court to consider permitting discovery of financial documents, however, the party seeking the documents "must demonstrate that the

3

information sough is 'relevant,' as Rule 26 defines the term, and nothing else precludes disclosure." *Net Jets Aviation, Inc. v. Peter Sleiman Development Group, LLC*, 2011 WL 768066, *1 (M.D. Fla. Feb. 28, 2011)(citing *Capone v. Ison*, 2008 WL 2277507, * 4 (S.D> Fla. May 30, 2008).

IV.  **LEGAL ARGUMENT**

   A. **A PROTECTIVE ORDER AND QUASHING OF THE SUBPOENA TO TD BANK IS WARRANTED TO PROHIBIT THE DISCOVERY OF IRRELEVANT AND PRIVATE FINANCIAL INFORMATION.**

   The Subpoena seeks:

   1.  All account statements and related documentation, records, and files for all accounts held by any of the following persons or entities, or for which any of the following persons or entities are or have been named as account holders or authorized signatories or beneficiaries of accounts, from August 1, 2007 through the present:

- Mariner Property Management Services, LLC
- Mariner Asset Management, LLC
- Mariner Asset Management Services, LLC
- Mariner Park Centre H, LLC
- Mariner Park Centre S, LLC
- Mariner, Park Centre M, LLC
- Park Centre Med-Suites, LLC
- Gardens Med-Suites, LLC
- Florida Med-Suites, LLC
- Medical Practice Operations, Inc.
- WTK Realty, LLC
- Mark Joseph Wojnar,
- Michael Manuel Cabot
- Patricia Wojnar
- Catherine Cabot
- Jason M. Kraus
- Jeffrey K Miller

   2.  Copies of all checks, front and back, deposited INTO any account held by any of foregoing persons and entities or any account on which any of the foregoing persons or entities are or have been named as account holders or

authorized signatories or beneficiaries of accounts, from August 1, 2007 through the present.

      3.     Copies of all checks, front and back, deposited FROM any account held by any of foregoing persons and entities or any account on which any of the foregoing persons or entities are or have been named as account holders or authorized signatories or beneficiaries of accounts, from August 1, 2007 through the present.

      4.     All account statements, checks and canceled checks (front and back), account opening documents, records of deposit, withdrawal, and transfer, or any other related documentation concerning the foregoing persons or entities, regarding an identified account with Regions Bank.

      5.     All account statements, checks and canceled checks (front and back), account opening documents, records of deposit, withdrawal, and transfer, or any other related documentation concerning the foregoing persons or entities, regarding 18 identified accounts with Iberia Bank.

      6.     All account statements, checks and canceled checks (front and back), account opening documents, records of deposit, withdrawal, and transfer, or any other related documentation concerning the foregoing persons or entities, regarding a money market account, a reserve account, and one other account with TD Bank.

      7.     All concerning the foregoing persons or entities regarding 10 accounts with Seaside National Bank & Trust.

Defendants object to the requests as follows:

First, the time period from August 1, 2007 through the present is overbroad. Plaintiff's claims concern the time periods of 2010 through April 2011 and April 2011 through 2012. Plaintiff's requests, however, encompass information from well before and well after the time periods at issue. Because such information is irrelevant to the plaintiff's claims, the requests are entirely overbroad and should be quashed, or, alternatively, modified and limited to the time period at issue, 2010 through April 2011 and April 2011 through 2012.

Second, Michael Cabot's and Catherine Cabot's personal account information is not relevant to the issues in this case. To the extent plaintiff is seeking documents regarding

payments to either of them related to the two leases at issue, the request is overbroad. Any such documentation will be contained in the account information for Mariner Property Management Services, LLC, Mariner Asset Management, LLC, or WTK Realty, LLC. *See Net Jets Aviation, Inc.*, 2011 WL 768066, *1 (M.D. Fla. Feb. 28, 2011)(quashing subpoena which sought personal financial information of defendant because, to the extent the documents sought had any marginal relevancy to the allegations of the complaint, "such relevancy is outweighed by the sensitive and private nature of these financial records", citing Fed. R. Civ. P. 26(c)(1)(D).

In addition, Mariner Asset Management Services, LLC's account information is not relevant to the issues in this case because that entity was not involved with the syndication of the Park Centre property. Instead, it was involved with two separate and unrelated syndications, Mariner Palm County Real Estate Opportunity Fund I, LLC and Lake Mary 46A, LLC, regarding unrelated properties.

Accordingly, the Court should enter a protective order and quash, or, in the alternative, modify the Subpoena and limit the time period for the production of documents to the time periodsat issue, 2010 through April 2011 and April 2011 through 2012, and prohibit the disclosure of Michael Cabot's and Catherine Cabot's personal account information, as well as Mariner Asset Management Services, LLC's account information. *See Goulet v. Mederi Caretenders VS of SW FL, LLC*, 2011 WL 652851, *1 (M.D. Fla. Feb. 14, 2011)("A subpoena may be quashed if it calls for the production of clearly irrelevant matter").

WHEREFORE, Defendants Michael Manuel Cabot, Catherine Cabot, and Mariner Property Management Services, LLC respectfully request this Court to enter an order pursuant to Federal Rule of Civil Procedure 26(c) and 45(d) to quash the subpoena to produce documents to TD Bank, N.A., or, in the alternative, modify the Subpoena and limit the time period for the

production of documents to the time periods at issue, 2010 through April 2011 and April 2011 through 2012, and prohibit the disclosure of Michael Cabot's and Catherine Cabot's personal account information, as well as Mariner Asset Management Services, LLC's account information and grant such other and further relief as the Court deems necessary and proper.

## CERTIFICATE OF CONFERRING IN GOOD FAITH

Pursuant to Local Rule 7.1(a)(3), I hereby certify that I, counsel for movant, conferred with counsel for plaintiff in a good faith attempt to resolve the issues raised herein without Court action, but that such efforts have been unavailing.

          KAMMERER MARIANI PLLC
          Counsel for the Cabot Defendants
          1601 Forum Place, Suite 500
          West Palm Beach, FL 33401
          Telephone: (561) 990-1591
          Facsimile: (561) 228-0998
          Email: jmariani@kammerermariani.com
          Email: ckammerer@kammerermariani.com

By: */s/ Christopher Kammerer*
     John F. Mariani
     Florida Bar No. 263524
     Christopher W. Kammerer
     Florida Bar No. 042862

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

By:  */s/ Christopher Kammerer*
     Christopher Kammerer

## SERVICE LIST

**TIC Park Centre 9, LLC v. Mark Joseph Wojnar, et al**
**United States District Court, Southern District of Florida Case No. 1:16-cv-2459 MGC**

**Electronic Mail and U.S. Mail Notice List**

- **Anthony C. Varbero, Esq.**
  anthony.varbero@murelaw.com
  Joseph A. Mure, Jr. & Associates
  26 Court Street, Suite 2601
  Brooklyn, NY 11242

- **David Casagrande, Esq.**
  david.casagrande@murelaw.com
  Joseph A. Mure, Jr. & Associates
  26 Court Street, Suite 2601
  Brooklyn, NY 11242

- **Edward P. Sheu, Esq.**
  esheu@bestlaw.com
  cstrom@bestlaw.com
  60 South Sixth Street, Suite 2700
  Minneapolis, MN 55402

- **William J. McGuire, Esq.**
  william@maguire-law.com
  400 Columbia Drive, Suite 100
  West Palm Beach, Fl33409