UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 1:16-cv-24569 COOKE/TORRES

TIC PARK CENTRE 9, LLC, a
Delaware limited liability company,

        Plaintiff,

vs.

MICHAEL MANUEL CABOT, CATHERINE
CABOT, MARINER PROPERTY MANAGEMENT
SERVICES, LLC, WTK REALTY, LLC, and
JASON KRAUS,

        Defendants.
_____/

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND TO QUASH
SUBPOENA TO MARK WOJNAR AND INCORPORATED MEMORANDUM OF LAW**

      Defendants Michael Manuel Cabot ("Michael Cabot"), Catherine Cabot, Mariner Property Management Services, LLC, and WTK Realty, LLC, pursuant to Federal Rule of Civil Procedure 26(c) and 45(d), submit this Motion for Protective Order and to Quash Subpoena to Mark Joseph Wojnar to prevent Plaintiff from obtaining certain documents.

**I.    SUMMARY OF ARGUMENT**

      Defendants seek a protective order to bar plaintiff from enforcing, in part, a subpoena served on Mark Joseph Wojnar. The subpoena is overbroad because (1) the requests for documents have no time limit while the claims at issue concern the time periods of 2010 through April 2011 and April 2011 through 2012, and (2) documents and communications regarding Mariner Asset Management Services, LLC are not relevant to the Parties' claims and defenses because that entity was not involved with the syndication of the property at issue. Instead, it was involved with two separate syndications, Mariner Palm County Real Estate Opportunity Fund I, LLC, and Lake Mary 46A, LLC, regarding unrelated properties.

## II. CASE BACKGROUND

This case concerns the management of an office-retail center located in Miami Gardens, Florida (the "Property"). Plaintiff, a qualified and accredited investor, purchased a tenant in common interest in the Property in 2007. [Dkt 1, ¶¶ 34 and 39] As part of that purchase, plaintiff entered into a Property and Asset Management Agreement regarding the Property with Mariner Property Management Services, LLC, which was controlled by Michael Cabot and Mark Wojnar. [Dkt 1, ¶¶ 37, 41 and 42]. Mariner Property Management Services, LLC managed the Property from 2007 until April 2011, when plaintiff and other tenants in common selected a new manager for the Property, Midgard Management, Inc., which began managing the Property in April 2011. [Dkt 1, ¶ 63].

Plaintiff alleges that Mariner Property Management Services, LLC, Michael Cabot, and Mark Wojnar violated their duties under the Property Management Agreement and a separate Tenant In Common Agreement by entering into what plaintiff alleges were two "fraudulent" leases with Park Centre Med-Suites, LLC and Garden Med-Suites, LLC in 2010, who then sub-let space to other tenants. [Dkt 1, ¶¶ 20, 21, 22, and 23]. As a result of those sub-leases, plaintiff alleges that $130,000 in rental income that otherwise would have been paid to the Property between 2011 and 2012 was diverted from the Property to the owner of those two entities, Jeffrey Miller, and $164,848.59 in broker commissions was paid to WTK Realty, LLC, which plaintiff alleges were disguised payments of Property income to Cabot and Wojnar. [Dkt 1, ¶¶ 24, 121, 165, and 254]. After Midgard Management, Inc. took over the management of the Property in April 2011, it brought eviction actions against Park Centre Med-Suites, LLC and Garden Med-Suites, LLC, which plaintiff alleges Cabot and Wojnar sought to delay. [Dkt 1, ¶¶ 127 - 130]. Plaintiff further alleges that the leases with Park Centre Med-Suites, LLC and Garden

Med-Suites, LLC and the eviction actions caused the Property to be lost through foreclosure in September 2014, resulting in the loss of plaintiff's $3 million investment in the Property. [Dkt 1, ¶¶ 154 - 157].

Defendants deny plaintiff's allegations and contend that they acted properly and within the scope of the Property and Asset Management Agreement. [Dkt 39 ¶¶ 1-276 and 1st Aff Def]. Defendants further contend that any loss that plaintiff suffered was due to the economic recession that occurred between 2008 and 2011, which resulted in tenants going out of business and vacating the property and occupancy dropping below 50%, and the actions of Midgard Management, Inc., and plaintiff's principal, Jesus Linares, after they took over management of the property in April 2011. [Dkt 39 – 2nd Aff Def - 18th Aff Def].

**III.   LEGAL STANDARD**

Under Federal Rule of Civil Procedure 26(c), the Court may enter a protective order whenever "justice requires" in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, under Federal Rule of Civil Procedure 45(c), the Court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies," and a court may quash or modify a subpoena if it discloses certain confidential information. Fed. R. Civ. P. 45(c)(3)(A)(iii) and Fed. R. Civi. P. 45(c)(3)(B)(i). For a court to consider permitting discovery of financial documents, however, the party seeking the documents "must demonstrate that the information sough is 'relevant,' as Rule 26 defines the term, and nothing else precludes disclosure." *Net Jets Aviation, Inc. v. Peter Sleiman Development Group, LLC*, 2011 WL 768066, *1 (M.D. Fla. Feb. 28, 2011)(citing *Capone v. Ison*, 2008 WL 2277507, * 4 (S.D> Fla. May 30, 2008).

IV. **LEGAL ARGUMENT**

A. **A PROTECTIVE ORDER AND QUASHING OF THE SUBPOENA TO JEFFREY K. MILLER AND MEDICAL PRACTICES OPERATIONS, INC. IS WARRANTED TO PROHIBIT THE DISCOVERY OF IRRELEVANT AND PRIVATE FINANCIAL INFORMATION.**

The Subpoena seeks:

1. Documents concerning:

   - Mariner Property Management Services, LLC
   - Mariner Asset Management, LLC
   - Mariner Asset Management Services, LLC
   - Mariner Park Centre H, LLC
   - Mariner Park Centre S, LLC
   - Mariner, Park Centre M, LLC
   - Park Centre Med-Suites, LLC
   - Gardens Med-Suites, LLC
   - Florida Med-Suites, LLC
   - Medical Practice Operations, Inc.
   - WTK Realty, LLC
   - Mark Joseph Wojnar,
   - Michael Manuel Cabot
   - Patricia Wojnar
   - Catherine Cabot
   - Jason M. Kraus
   - Jeffrey K Miller

   - Documents exchanged between you and Patricia Wojnar regarding, WTK, any Mariner Entity, or Plaintiff.

2. Documents concerning payments or transfers of money between you, on the one hand, and any of the persons identified in Request No.1, on the other.

3. Documents exchanged between you and any of the persons identified in Request No.1 concerning the Property.

4. Documents showing your receipt of any monies of any kind from the Property.

5. Documents identifying or concerning your disbursement of any monies of any kind derived from the Property.

6. All files and records concerning the Property.

7. All documents identifying or concerning Plaintiff.

8. All documents identifying or concerning your relationship, or communications or documents exchanged with the persons identified in Request No. 1.

9. All corporate record books, minutes, actions, organizational documents, and other corporate records and files for any entity in which you have owned an interest since January 1, 2009.

10. All bank statements for you and for any entity you have owned an interest in since January 1, 2009 to the present.

11. All federal and state income tax returns for you and for any entity you have owned an interest in from January 1, 2009 to the present.

12. All documents concerning or identifying the compensation you received or expected to receive from any of the persons identified in Request No. 1.

13. All documents concerning or identifying any agreement with any person identified in Request No. 1.

14. All documents authored by any Mariner Property Management Services, LLC, Mariner Asset Management, LLC, Mariner Asset Management Services, LLC, Mariner Park Centre H, LLC, Mariner Park Centre S, LLC, Mariner Park Centre M, LLC, Park Centre Med-Suites, LLC, Gardens Med-suites, LLC, Florida Med-Suites, LLC, Medical Practice Operations, Inc., and WTK Realty, LLC, or those made on their behalf, including entries in any diary or calendar (electronic equivalent), relating to Plaintiff or the Property.

15. All recordings and notes of telephone calls or conversations concerning or identifying Plaintiff, the Property, or the persons identified in Request No. 1.

16. All correspondence (no matter the form) sent by or received by you to or from Iberia Bank f/k/a Orion Bank, TD Bank f/k/a Commerce Bank, Wells Fargo f/k/a Wachovia Bank, Regions Bank, Seaside National Bank & Trust, or any other financial institution, concerning the Property.

17. All credit card statements for you for any credit account for which you have been a beneficiary or signatory since January 1, 2009.

18.     Statements for all deposit, brokerage, or other accounts in which you have been a signatory or beneficiary since January 1, 2009.

Defendants object to the requests as follows:

First, the request for documents is not limited to any time period. Plaintiff's claims concern the time periods of 2010 through April 2011 and April 2011 through 2012. Because plaintiff's requests are not limited to the 2010 through April 2011 and April 2011 through 2012 time periods at issue, the requests encompass information that is irrelevant to the plaintiff's claims. As a result, the requests are entirely overbroad and should be quashed, or, alternatively, modified and limited to the time periods at issue, June 2010 through April 2011 and April 2011 through 2012.

Second, documents and communications regarding Mariner Asset Management Services, LLC not relevant to the Parties' claims and defenses because that entity was not involved with the syndication of the property at issue. Instead, it was involved with two separate syndications, Mariner Palm County Real Estate Opportunity Fund I, LLC, and Lake Mary 46A, LLC, regarding unrelated properties.

Accordingly, the Court should enter a protective order and quash, or, in the alternative, modify and limit the subpoena to documents relating solely to the time period at issue, 2010 through April 2011 and April 2011 through 2012, and the leases, sub-leases, and property at issue, and to preclude the production of documents and communications regarding Mariner Asset Management Services, LLC,. *See Goulet v. Mederi Caretenders VS of SW FL, LLC*, 2011 WL 652851, *1 (M.D. Fla. Feb. 14, 2011)("A subpoena may be quashed if it calls for the production of clearly irrelevant matter").

WHEREFORE, Defendants Michael Manuel Cabot, Catherine Cabot, and Mariner Property Management Services, LLC respectfully request this Court to enter an order pursuant to Federal Rule of Civil Procedure 26(c) and 45(d) quashing the subpoena issued to Mark Joseph Wojnar, or, in the alternative modify and limit the subpoena to documents relating solely to the time periods at issue, 2010 through April 2011 and April 2011 through 2012 and the leases, subleases, and property at issue, and to preclude the production of documents and communications regarding Mariner Asset Management Services, LLC, and to grant such other and further relief as the Court deems necessary and proper.

## CERTIFICATE OF CONFERRING IN GOOD FAITH

Pursuant to Local Rule 7.1(a)(3), I hereby certify that I, counsel for movant, conferred with counsel for plaintiff in a good faith attempt to resolve the issues raised herein without Court action, but that such efforts have been unavailing.

KAMMERER MARIANI PLLC
Counsel for the Cabot Defendants
1601 Forum Place, Suite 500
West Palm Beach, FL 33401
Telephone: (561) 990-1591
Facsimile: (561) 228-0998
Email: jmariani@kammerermariani.com
Email: ckammerer@kammerermariani.com


By: */s/ Christopher Kammerer*
    John F. Mariani
    Florida Bar No. 263524
    Christopher W. Kammerer
    Florida Bar No. 042862

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

By: */s/ Christopher Kammerer*
Christopher Kammerer

**SERVICE LIST**

**TIC Park Centre 9, LLC v. Mark Joseph Wojnar, et al**
**United States District Court, Southern District of Florida Case No. 1:16-cv-2459 MGC**

**Electronic Mail and U.S. Mail Notice List**

- **Anthony C. Varbero, Esq.**
  anthony.varbero@murelaw.com
  Joseph A. Mure, Jr. & Associates
  26 Court Street, Suite 2601
  Brooklyn, NY 11242

- **David Casagrande, Esq.**
  david.casagrande@murelaw.com
  Joseph A. Mure, Jr. & Associates
  26 Court Street, Suite 2601
  Brooklyn, NY 11242

- **Edward P. Sheu, Esq.**
  esheu@bestlaw.com
  cstrom@bestlaw.com
  60 South Sixth Street, Suite 2700
  Minneapolis, MN 55402

- **William J. McGuire, Esq.**
  william@maguire-law.com
  400 Columbia Drive, Suite 100
  West Palm Beach, Fl 33409