UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-Civ-24569-COOKE/TORRES

TIC PARK CENTER, 9 LLC,
a Delaware limited liability company,

    Plaintiff,

v.

MICHAEL MANUEL CABOT, *et al.*,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

This matter is before the Court on TIC Park Center, 9 LLC's ("Plaintiff") motion to compel against Mark Wojnar ("Mr. Wojnar"), Patricia Wojnar ("Mrs. Wojnar") (collectively, the "Wojnars"), and Jeffrey K. Miller ("Mr. Miller"), Park Centre Med-Suites, LLC, Gardens Med-Suites, LLC, and Medical Practice Operations, Inc. (collectively, the "Miller Defendants"). [D.E. 162]. The Miller Defendants responded to Plaintiff's motion on May 22, 2018 [D.E. 163] to which Plaintiff replied on May 30, 2018.[1] [D.E. 164]. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, relevant authority, and for the reasons discussed below, Plaintiff's motion is **GRANTED in part** and **DENIED in part**.

---

[1] The Wojnars failed to file a response in opposition to Plaintiff's motion to compel.

1

## I. BACKGROUND

Plaintiff commenced this action to seek remedies in relation to a 2014 loss of a multi-million dollar investment in commercial property (the "Property") in Miami Gardens, Florida. The gist of Plaintiff's Complaint is that the Miller Defendants engaged in leasing schemes to steal money from the Property and then concealed the leasing schemes and aided the Property's ultimate loss to foreclosure.

Plaintiff is a qualified and accredited investor who purchased a tenant in common interest in the Property in 2007. As part of that purchase, Plaintiff entered into a property and asset management agreement regarding the Property with Mariner Property Management Services, LLC, which was controlled by Cabot and Mr. Wojnar. Mariner Property Management Services, LLC managed the Property from 2007 until April 2011, when Plaintiff and other tenants in common selected a new manager for the Property. Midgard Management, Inc. began managing the Property in April 2011.

Plaintiff alleges that Mariner Property Management Services, LLC, Cabot and Mr. Wojnar violated their duties under the Property Management Agreement and a separate Tenant in Common Agreement by entering into two fraudulent leases with Park Center Med-Suites, LLC and Garden Med-Suites, LLC in 2010 – who then subleased the Property to other tenants. Cabot and Mr. Wojnar purportedly used the Mariner Entities as a facade for their own personal economic benefit and harbored monies wrongfully taken from Plaintiff's Property, including through an entity established in their wives' names.

As a result of those subleases, Plaintiff alleges that $130,000 in rental income that otherwise would have been paid to the Property between 2011 and 2012 was diverted from the Property to the owner of those two entities, Mr. Miller, and $164,848.59 in broker commissions was paid to WTK Realty, LLC, which Plaintiff alleges were disguised payments of Property income to Cabot and Mr. Wojnar. In other words, Mr. Miller allegedly acted through alter egos that made payments of unlawfully obtained monies to Miller's primary business entity, Medical Practice Operations, Inc. ("MPO"). After Midgard Management, Inc. took over the management of the Property in April 2011, it brought eviction actions against Park Centre Med-Suites, LLC and Garden Med-Suites, LLC.

Among other defenses to Plaintiff's complaint, the Miller Defendants claim (1) that their actions are protected by the business-judgment rule, (2) that their actions are commercially reasonable, (3) that the Property suffered from the recent economic recession rather than misconduct, and (4) that there was inadequate capital for the Property to meet its financial obligations.[2]

## II.    ANALYSIS

There are two issues to address in Plaintiff's motion to compel. The first issue is directed against the Miller Defendants and the Wojnars for their failure to cooperate in producing their income tax returns. As background, Plaintiff's motion relates to a prior Order that we issued on February 12, 2018 [D.E. 147], where we

---

[2] The Court has diversity jurisdiction over all claims asserted in the complaint because Plaintiff is a citizen of New York and Defendants are citizens of Massachusetts, Florida, or Delaware.

found that income tax returns were relevant to the disposition of this case. We therefore granted Plaintiff's prior motion and compelled the Wojnars to provide written authorization forms for the release of their tax returns within seven (7) days from the date of that Order. The second issue presented is Plaintiff's motion to compel better responses and documents from Mrs. Wojnar because she failed to timely respond to Plaintiff's discovery requests or produce a privilege log. We will address both issues in turn.

We begin with the first issue that the Miller Defendants and the Wojnars failed to provide their income tax returns. In our February 12, 2018 Order, we compelled the Wojnars to execute authorization forms for the release of their income tax returns by February 19, 2018. Neither timely executed a release. Plaintiff claims that when they finally did, the authorization forms were defective and that the Internal Revenue Service (the "IRS") rejected them. Plaintiff suggests that the Wojnars either deliberately misspelled their names on the authorization forms or that the IRS rejected the returns for another reason. As such, Plaintiff alleges that the Wojnars have refused to cooperate in obtaining their income tax returns and that they must be compelled to provide additional authorization forms.

As an initial matter, Plaintiff's motion to compel against the Wojnars is unclear because it makes conclusory assertions that the Wojnars knowingly filed defective authorizations and then retreats from that accusation to allege that the reason for the IRS denial is still unknown. In any event, it appears that the Wojnars have not provided revised authorization forms for their income tax returns

4

once it became known on April 13, 2018 that the IRS rejected the initial request. Because revised authorization forms are necessary to obtain the Wojnars' income tax returns, Plaintiff's motion to compel is **GRANTED** and the Wojnars are compelled to provide the necessary items within seven (7) days from the date of this Order.

As for the Miller Defendants, Plaintiff suggests that the release of their tax returns have encountered an administrative delay and that they have refused to (1) place any phone calls to the IRS, (2) obtain the items from accountants, or (3) submit written taxpayer requests to the IRS. Because the Miller Defendants have failed to produce the information requested, Plaintiff concludes that its motion to compel must be granted.

Plaintiff's motion against the Miller Defendants fails because they have fully complied with their discovery obligations. By Plaintiff's own admission, the Miller Defendants signed their authorization forms and provided them to Plaintiff. It appears that Plaintiff wants the Miller Defendants to do more to expedite the process, but the time needed to process the returns is within the sole purview of the IRS – not the Miller Defendants. In other words, there is nothing left for the Miller Defendants to do. And although the IRS has not moved swiftly in producing the tax returns requested, the Miller Defendants have fully complied with their discovery obligations under the Local and Federal Rules. Accordingly, Plaintiff's motion to compel against the Miller Defendants is **DENIED**.

The final issue is Plaintiff's motion to compel Mrs. Wojnar to provide better responses to Plaintiff's document requests. Mrs. Wojnar failed to respond to Plaintiff's motion to compel, meaning that Plaintiff's motion may be granted by default under S.D. Fla. Local R. 7.1. However, the Court's independent review of the substantive grounds supporting the motion shows that Plaintiff violated the Local Rules – in at least two instances – in seeking the relief requested. Plaintiff served Mrs. Wojnar with its requests for production on January 22, 2018 and her responses were due, at the latest, on February 26, 2018 (considering an additional three days for mailing and the intervening weekend). *See* Fed. R. Civ. P. 34. Plaintiff claims that Mrs. Wojnar produced only a handful of documents in an unorganized manner and made unfounded objections with no privilege log. Because Mrs. Wojnar improperly construed Plaintiff's requests, Plaintiff concludes that she must be compelled to produce the documents requested.

Plaintiff's motion is unpersuasive because it violates Local Rule 26.1(g), which requires that discovery motions be filed within thirty days of an occurrence for the motion:

> All motions related to discovery, including but not limited to motions to compel discovery and motions for protective order, shall be filed within thirty (30) days of the occurrence of grounds for the motion. Failure to file a discovery motion within thirty (30) days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought.

S.D. Fla. L.R. 26.1(g). Plaintiff noticeably fails to indicate in its motion when Mrs. Wojnar responded to its discovery requests. But, it appears that Mrs. Wojnar responded on March 16, 2018 – well after the time she was required to respond.

6

Mrs. Wojnar then appears to have produced more documents on April 18, 2018 to which Plaintiff believes were inappropriate. If Plaintiff wanted to seek relief for Mrs. Wojnar's discovery responses, Plaintiff should have filed a motion to compel within thirty days of Mrs. Wojnar's failure to provide all of the information requested. Instead, Mrs. Wojnar sporadically produced documents over the course of several months and Plaintiff now seeks relief many months later when it should have filed a motion to compel long ago.

The purpose of Local Rule 26.1 is to promote "the prompt resolution of discovery disputes by requiring the parties to timely bring to the court's attention matters that the parties cannot resolve amongst themselves." *Muzaffarr v. Ross Dress for Less, Inc.,* 2013 WL 5311233, at *1 (S.D. Fla. Sept. 23, 2013) (quoting *Manno v. Healthcare Revenue Recovery Grp., LLC,* 2012 WL 1409532, at *2 (S.D. Fla. Apr. 23, 2012)). Here, Plaintiff has failed to timely bring this issue to the Court and has failed to establish any reasonable cause for the delay. Plaintiff has therefore waived its right to the relief sought and its motion to compel is **DENIED**. *See, e.g., Procaps S.A. v. Patheon Inc.,* 2014 WL 1237553, at *3 (S.D. Fla. Mar. 26, 2014) (denying motion to compel filed 96 days after the occurrence of grounds for the motion as untimely absent a showing of reasonable cause for the delay); *Muzaffarr,* 2013 WL 5311233 at *1 (denying motion to compel filed 52 days after the occurrence of the grounds for the motion); *Manno,* 2012 WL 1409532 at *2 (denying motion to compel filed three days late due to a calendaring error caused by a leap year).

7

Even if we ignore that problem, Plaintiff's motion is defective because it fails to state "verbatim the specific item to be compelled, the specific objections, the grounds assigned for the objection, and the reasons assigned as supporting the motion as it relates to that specific item." *Pena v. Drodriguez, LLC*, 2016 WL 4429608, at *2 (S.D. Fla. July 1, 2016) (quotation marks omitted). Indeed, Local Rule 26.1(g) provides the following:

> [M]otions to compel discovery . . . shall, for each separate . . . request . . . state: (A) verbatim the specific item to be compelled; (B) the specific objections; (C) the grounds assigned for the objection (if not apparent from the objection); and (D) the reasons assigned as supporting the motion as it relates to that specific item. The party shall write this information in immediate succession (e.g., specific request for production, objection, grounds for the objection, reasons to support motion; next request for production, objection, grounds for the objection, reasons to support motion; and so on) to enable the Court to rule separately on each individual item in the motion.

S.D. Fla. L.R. 26.1(h)(2).[3]

Here, Plaintiff's motion merely suggests that Mrs. Wojnar misconstrued the discovery requests and that the documents she provided were inadequate. This is plainly insufficient under the Local Rules because there is no substance to Plaintiff's motion. Nowhere in Plaintiff's motion does it provide the reasons assigned as supporting the motion as it relates to any specific item and therefore the motion is procedurally flawed and must be **DENIED**. *See Habersham Plantation Corp. v. Molyneux,* 2011 WL 1832782, at *3 (S.D. Fla. May 5,

---

[3] The Local Rule is important for the Court's purposes because it requires a party to cull through extraneous requests and focus on what is truly necessary for the proper adjudication of a case. Plaintiff seeks to opt out of that Rule and undermine that purpose by essentially asking the Court to do Plaintiff's work. We decline to do so.

2011) (striking a motion to compel for failure to comply with Rule 26.1(h)(2), which, the court noted, "is not discretionary"); *Boston v. Garcia,* 2013 WL 1165062, at *1 (E.D. Cal. Mar. 20, 2013) (denying plaintiff's Rule 36(a)(6) motion where it was "not clear from plaintiff's motion and attachments [which of defendant's] responses . . . were insufficient and why" and explaining that "at a minimum, as the moving party plaintiff has the burden of informing the court why he believes the defendants' responses are deficient, why the defendants' objections are not justified, and why the information he seeks through discovery is relevant to the prosecution of this action.").

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion to compel [D.E. 162] is **GRANTED in part** and **DENIED in part**:

A. Plaintiff's motion to compel the Wojnars to provide revised IRS authorization forms is **GRANTED**. The Wojnars must provide revised forms to Plaintiff within seven (7) days from the date of this Order.

B. Plaintiff's motion to compel the Miller Defendants to expedite the IRS's consideration of their income tax returns is **DENIED**.

C. Plaintiff's motion to compel Mrs. Wojnar to provide better responses to Plaintiff's document requests is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of June, 2018.

>/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge