UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-24569-Civ-WILLIAMS/TORRES

TIC PARK CENTRE 9, LLC, a
Delaware limited liability company,

    Plaintiff,

v.

MICHAEL MANUEL CABOT, *et al.*

    Defendant.

_____/

## **ORDER DENYING THE DEFENDANTS' MOTION FOR SANCTIONS**

This matter is before the Court on Jeffrey K. Miller's ("Mr. Miller"), Park Centre Med-Suites, LLC's ("Park-Centre"), Gardens Med-Suites, LLC's ("Gardens"), and Medical Practice Operations, Inc.'s ("MPO") (collectively, the "Miller Defendants") motion for Rule 11 sanctions against TIC Park Centre, LLC ("Plaintiff"). [D.E. 236]. Plaintiff responded to the Miller Defendants' motion on September 24, 2018 [D.E. 245] to which the Miller Defendants replied on September 29, 2018. [D.E. 248]. Therefore, the Miller Defendants' motion is now ripe for disposition. After careful consideration of the motion, response, reply, and relevant authority, and for the reasons discussed below, the Miller Defendants' motion is **DENIED**.

1

## I. BACKGROUND

Plaintiff commenced this action in the Eastern District of New York to seek remedies for illegal actions that resulted in a 2014 loss of a multi-million dollar investment in commercial property (the "Property") in Miami Gardens, Florida. On November 16, 2017 (after the case was returned to the Eastern District from an arbitration in which the Miller Defendants and Mark Wojnar ("Mr. Wojnar") were unable to pay the arbitrator fees), the Miller Defendants filed their answer to the complaint. The Miller Defendants' answer contained eight affirmative defenses, but did not include Florida's litigation privilege as an affirmative defense. On March 6, 2018, the Eastern District transferred the case to the Southern District of Florida where Plaintiff was pursuing parallel litigation against Michael Cabot, Catherine Cabot, Mariner Property Management Services, LLC, and WTK Realty, LLC (collectively, the "Cabot Defendants").

Plaintiff alleges that the Cabot and Miller Defendants engaged in leasing schemes to steal money from the Property and aided in the Property's ultimate loss to foreclosure. Specifically, Plaintiff claims that the Miller Defendants violated their duties under the Property Management Agreement and a separate Tenant in Common Agreement by entering into two fraudulent leases with Park-Centre and Gardens in 2010 – who then subleased the Property to other tenants. Messrs. Cabot and Wojnar purportedly used the Mariner Entities as a facade for their own personal economic benefit and harbored monies wrongfully taken from Plaintiff's Property,

2

including through an entity established in their wives' names.

As a result of those subleases, Plaintiff alleges that $130,000 in rental income that otherwise would have been paid to the Property between 2011 and 2012 was diverted from the Property to the owner of those two entities, Mr. Miller, and $164,848.59 in broker commissions was paid to WTK Realty, LLC, which Plaintiff alleges were disguised payments of Property income to Messrs. Cabot and Wojnar. After Midgard Management, Inc. took over the management of the Property in April 2011, it brought eviction actions against Park Centre Med-Suites, LLC and Garden Med-Suites, LLC.

Among their defenses to Plaintiff's Complaint, the Cabot and Miller Defendants argue that (1) their actions were protected by the business-judgment rule, (2) they were commercially reasonable, (3) the Property suffered from the recent economic recession rather than any misconduct, and (4) there was inadequate capital for the Property to meet its financial obligations.[1]

## II. ANALYSIS

### A. *Rule 11 Sanctions Standard*

"Rule 11 is intended to deter claims with *no* factual or legal basis at all; creative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment." *Davis v. Carl*, 9106 F.2d 533, 538 (11th Cir. 1990) (emphasis in original). Rule 11 sanctions are proper "(1) when a party files a

---

1 The Court has diversity jurisdiction over all claims asserted in the complaint because Plaintiff is a citizen of New York and defendants are citizens of Massachusetts, Florida, and Delaware.

pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (quoting *Jones v. International Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995)). Federal Rules of Civil Procedure 11(b)(1) and 11(b)(3) state:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . . Fed. R. Civ. Pro. 11(b)(1), 11(b)(3).

Additionally, Federal Rule of Civil Procedure 11(c)(1) states the following:

> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Fed. R. Civ. Pro. 11(c)(1).

"In this circuit, a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous—in view of the facts or law—and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would've been aware had he made a reasonable inquiry. If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief

4

that the claims were sound. The reasonableness of the inquiry 'may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the [violative document]; . . . or whether he depended on forwarding counsel or another member of the bar." *Worldwide Primates, Inc.*, 87 F.3d at 695 (quoting *Mike Ousley Productions, Inc. v. WJBF-TV*, 952 F.2d 380, 382 (11th Cir. 1992)); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001). "Although sanctions are warranted when the claimant exhibits a 'deliberate indifference to obvious facts,' they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law." *Baker v. Adelman*, 158 F.3d 516, 524 (11th Cir. 1998) (citations omitted).

### B. *Rule 11 Sanctions*

The Miller Defendants seek Rule 11 sanctions because Plaintiff has no viable cause of action. The Miller Defendants direct the Court's attention to Plaintiff's summary judgment filings where Plaintiff failed to rely on any record evidence. Specifically, the Miller Defendants claim that Plaintiff relies entirely on its own speculation and conclusory assertions, both of which establish that neither Plaintiff nor its attorneys performed any inquiry into the factual support of Plaintiff's claims. Therefore, the Miller Defendants believe that a sanction should be imposed that (1) awards Plaintiff all of its costs and reasonable attorneys' fees, (2) requires the payment of a fine for a waste of the Court's time and resources, and (3) imposes a nonmonetary sanction for Plaintiff's counsel to attend training courses on federal court practice.

The Miller Defendants' motion must be denied because it is premature at this stage of the litigation. As the Eleventh Circuit has found, Rule 11 sanctions are ordinarily not determined until the *end* of a case:

> Although the timing of sanctions rests in the discretion of the trial judge, it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation, and in the case of motions at the time when the motion is decided or shortly thereafter.

*Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987) (quotation marks and citation omitted). The Eleventh Circuit's position is consistent with the Rules Advisory Committee which "anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation. . . ." Fed. R. Civ. P. 11 (Advisory Committee Notes, 1983 Amendment); *see also Lichtenstein v. Consolidated Serv. Group, Inc.*, 173 F.3d 17, 23 (1st Cir. 1999) (emphasizing that "[c]ourts should, and often do, defer consideration of certain kinds of sanctions motions until the end of [the litigation] to gain a full sense of the case and to avoid unnecessary delay of disposition of the case on the merits. This is a sensible practice where [as here] the thrust of the sanctions motion is that institution of the case itself was improper"); *Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.*, 2000 WL 528633, at *1 (S.D.N.Y. May 2, 2000) (denying Rule 11 motion without prejudice "to renewal at conclusion of litigation"); Wright and Miller, Federal Practice and Procedure: Civil 3d § 1337.1 (2004) (stating that when "the challenged conduct is the institution of the action itself . . . the question whether there has been a Rule 11 violation generally is not decided until after the litigation is completed, in order to avoid delaying the disposition of the merits of the case").

The basis for the Miller Defendants' motion is the lack of evidence in Plaintiff's summary judgment filings. But, "'Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits.'" *Bigford v. BESM, Inc.*, No. 12-61215-CIV, 2012 WL 12886184, at *2 (S.D. Fla. Oct. 12, 2012) (quoting *In re New Motor Vehicles Canadian Export Antitrust Litigation*, 244 F.R.D. 70, 74 (D. Me. 2007) (denying Rule 11 motion without prejudice to its renewal "if and when [Defendant] obtains summary judgment") (citations omitted)); *see also Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 2d 407, 417-21 (S.D.N.Y. 2003) (discussing that Rule 11 sanctions are not a substitute for motions for summary judgment).

The reason Rule 11 sanctions are deferred until the end of a case is to allow the court "to gain a full sense of the case and to avoid unnecessary delay of disposition of the case on the merits. This is a sensible practice where the thrust of the sanctions motion is that institution of the case itself was improper." *Lichtenstein v. Consol. Servs. Grp., Inc.*, 173 F.3d 17, 23 (1st Cir. 1999) (citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1337, at 121 (2d ed. 1990)). Here, we see no reason to deviate from the preferred practice described above. While the Miller Defendants may ultimately be correct in that Plaintiff's conduct warrants Rule 11 sanctions, Plaintiff is entitled to the disposition of the parties' cross motions for summary judgment and a determination on the merits of the claims presented. *See Gonzalez v. Winn-Dixie Stores, Inc.*, (S.D. Fla. May 6, 2014) (finding that the defendant's early motion for sanctions, filed against Palma and his then

7

client, was premature and could be refiled once the court had ruled on the defendant's motion for summary judgment).

As such, the Miller Defendants' motion for sanctions is **DENIED** as premature with leave to renew, if applicable, at the conclusion of this case. *See, e.g.*, *Baker*, 158 F.3d at 523 ("Although the timing of sanctions rests in the district judge's discretion, Rule 11 sanctions 'normally will be determined at the end of litigation.'"); *Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.*, 2000 WL 528633, at *1 (S.D.N.Y. May 2, 2000) (denying Rule 11 motion without prejudice "to renewal at conclusion of litigation"); Wright and Miller, Federal Practice and Procedure: Civil 3d § 1337.1 (2004) (stating that when "the challenged conduct is the institution of the action itself ... the question whether there has been a Rule11 violation generally is not decided until after the litigation is completed, in order to avoid delaying the disposition of the merits of the case").

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the Miller Defendants' motion for sanctions [D.E. 236] is **DENIED** as premature with leave to renew, if applicable, at the conclusion of this case.[2]

---

[2] Plaintiff filed a sur-reply seeking sanctions against the Miller Defendants for filing a Rule 11 sanctions motion. Plaintiff's motion is **DENIED** because the Miller Defendants may have a good faith basis for sanctions. Of course, we cannot make that determination at this stage of the case for the same reasons set forth above.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of October, 2018.

>  */s/ Edwin G. Torres*
> EDWIN G. TORRES
> United States Magistrate Judge