# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 16-24569-Civ-TORRES

TIC PARK CENTRE 9, LLC, a
Delaware limited liability company,

    Plaintiff,

v.

MARK JOSEPH WOJNAR, *et al.*

    Defendants.

_____/

### *ORDER GRANTING MOTION TO ENFORCE SETTLEMENT;*
### *ORDER ENTERING CONSENT JUDGMENT*

This matter comes before the Court on a Motion to Enforce Settlement [D.E. 332] filed by Plaintiff against individual Defendant Mark J. Wojnar ("Defendant" or "Wojnar"). The motion was served on Wojnar at his last known address on the docket as well as via electronic mail. [D.E. 333]. A timely response was never filed on opposition to the motion. The motion may thus be granted by default under S.D. Fla. Local R. 7.1. In addition, the Court has reviewed the motion and supporting record to determine if the motion is otherwise merited. Based on that review, the motion will be Granted.

## I.     FINDINGS OF FACT

The Court's findings are based on the unrebutted record supporting the motion. The case began with Plaintiff, one of twenty-seven investors in commercial property in South Florida, suing a group of defendants who purportedly engaged in fraudulent conduct that caused the foreclosure in 2014 of that property. Plaintiff had invested $1,999,989.75 in 2007 and owned a 17.897% tenant in common interest. After the foreclosure, the Plaintiff investor sued the defendants because, but for their misconduct, including fraud and breach of fiduciary duty claims, it would not have lost its investment or suffered related damages. In particular, Defendant Wojnar was sued individually for his part in the management of the property on behalf of the investors.

After extensive pretrial and discovery practice, the case settled on the eve of trial. Wojnar, who by then was representing himself pro se, as well as the other defendants entered into a written settlement agreement with Plaintiff for a total settlement amount of $195,000. The agreement provided for payments of $150,000 from the other defendants plus at minimum a $45,000 payment from Wojnar. [D.E. 332-1 ¶3]. Per the parties' settlement, the Court dismissed the case with prejudice, and expressly retained jurisdiction (as per the condition of the stipulated dismissal) to enforce the terms of the parties' agreement if necessary. [D.E. 329].

After some time passed when payments were made under the agreement from other defendants, Plaintiff failed to make the final $45,000 payment required under the settlement. Written demand was made on January 13, 2022, which was a

condition precedent in the agreement for Plaintiff to seek enforcement of any of its terms. The demand was served on the electronic mail address provided for by the agreement. Yet Plaintiff received not response from Wojner, and further the outstanding settlement balance amount was still not paid. [D.E. 332-2]. Accordingly, Plaintiff filed the pending motion and certified notice of the motion to Wojner. To date, no written response was filed by Wojner on the docket and the payment apparently has not been made.

Under the agreement, the parties agreed to a liquidated damage amount in the event of a default. The agreement provided:

> 12. Non-Payment. In the event of any default in payment of any installment of the Settlement Amount with such non-payment remaining uncured for a period of seven (7) days following notice thereof, Plaintiff shall be entitled to entry of a final default judgment in the amount of Five Hundred Thousand Dollars ($500,000) (the "Default Judgment"), less any portion of the Settlement Amount previously paid, as follows: Plaintiff shall be entitled to and all Defendants consent to entry of the Default Judgment against each of Cabot, Miller, and Wojnar if there is an uncured default in payment until the first One Hundred Fifty Thousand Dollars ($150,000) of the Settlement Amount is paid. If there is an uncured default in payment in the final Forty Five Thousand Dollars ($45,000) of the Settlement Amount, then Plaintiff shall be entitled to the Default Judgment against Wojnar only, not any of the Cabot Parties or any of the Miller parties.

[D.E. 332-1 ¶12].

Accordingly, the pending motion seeks to enforce this provision and seeks entry of a "default judgment" against Wojnar in the amount of $350,000 – the liquidated sum of $500,000 less the amount of payments already tendered under the agreement. Plaintiff also seeks its attorneys' fees and costs incurred in enforcing this breach.

## II.   ANALYSIS

### A.   *Standard of Review*

Basic contract law applies to determine whether a settlement agreement is enforceable. In Florida, an objective test is used to determine whether such a contract is enforceable. *Robbie v. Miami,* 469 So. 2d 1384, 1385 (1985); *Gaines v. Nortrust Realty Management, Inc.,* 422 So. 2d 1037 (Fla. 3d DCA 1982). The party seeking enforcement of a settlement agreement has the burden of establishing assent by the opposing party. *E.g., Williams v. Ingram,* 605 So. 2d 890, 893 (Fla. 1st DCA 1992). For a settlement agreement to be enforced, the agreement must be "sufficiently specific and mutually agreeable on every essential term." *Don L. Tullis & Assocs. v. Benge,* 473 So. 2d 1384 1386 (Fla. 1st DCA 1985). "Settlement agreements are highly favored and will be enforced whenever possible." *Robbie,* 469 So. 2d at 1395.

### B.   *Entitlement to Judgment*

There can be no dispute that the motion to enforce is well supported in the record. As a result, a judgment of money damages is the appropriate remedy to enforce a settlement agreement of this kind where the amounts are set forth in the agreement and the Court retained jurisdiction to do so. *E.g., Paulucci v. Gen. Dynamics Corp.*, 842 So. 2d 797, 801 (Fla. 2003) (approving *Kinser v. Crum,* 823 So. 2d 826, 827 (Fla. 1st DCA 2002)) (holding that remedy for breach of settlement agreement is enforcement of judgment circumscribed by the terms of the agreement,

in contrast with general damages arising from a breach that require a separate action for non-agreed upon damages).

Wojnar failed to tender any of the $45,000 owed to Plaintiff as he agreed to under the terms of the Agreement. The Agreement provides that in the event of a default under its terms, Plaintiff is automatically entitled to a default judgment in the amount of $500,000 minus amounts already recovered. It is undisputed that Plaintiff recovered approximately $150,000 from the other defendants as per the Settlement Agreement. So on the face of the settlement agreement Plaintiff is entitled to a consent judgment against Wojnar in the amount of $350,000.

### C. *Determination of Amount of Judgment*

Having found that Plaintiff is entitled to entry of a money judgment to enforce the settlement agreement, the Court *sua sponte* raises the question as to the amount of the judgment in light of other established Florida principles. Specifically, "Florida law recognizes that where damages are not clearly ascertainable, parties to a contract may agree to a predetermined amount of damages that will flow from a breach of their contract." *Gables v. Choate*, 792 So. 2d 520, 522 (Fla. 3d DCA 2001) (citing *Hyman v. Cohen*, 73 So. 2d 393 (Fla. 1954)). Under Florida law, "[l]iquidated damages arising from breach of contract are appropriate when (1) damages from the breach are not readily ascertainable, and (2) the sum stipulated is not grossly disproportionate to the damages reasonably expected to follow from the breach." *Resnick v. Uccello Immobilien GMBH, Inc.* 227 F.3d 1347, 1350 (11th Cir. 2000) (citations omitted).

Critically, *"liquidated damages are inappropriate when they serve only to punish the breaching party." Id.* (emphasis added; citations omitted). "The fact that the liquidated damages may be excessive at the time of breach does not lead to the conclusion that the liquidated damages clause is a penalty and therefore not enforceable." *Secrist v. Nat'l Service Industries, Inc.*, 395 So. 2d 1280, 1283 (Fla. 2d DCA 1981) (citations omitted). Where a liquidated damages provision contains "two separate and distinct parts," any one of which is excessive, a court may properly enforce the provision found not to be excessive. *Id.* These "[p]rinciples governing general contract law apply to . . . settlement agreements" reached in lawsuits. *Resnick,* 227 F.3d at 1350; *see, e.g., Crosby Forrest Prods., Inc. v. Byers,* 623 So. 2d 565, 567 (Fla. 5th DCA 1993) ("Settlement agreements are. . . . to be interpreted by the same principles governing the interpretation of contracts.").

In light of these principles, the issue that arises is whether the full amount of the default or consent judgment incorporated into this settlement agreement may be deemed an unenforceable penalty, as opposed to a valid liquidated damage sum. The Florida District Court of Appeal's decision in *Crosby* is instructive here. In *Crosby*, plaintiff originally sued the defendants for nonpayment under a contract "for goods sold in the amount of $89,922.65." 623 So. 2d at 566. As in this case, the parties settled the original claim. *Id.* The settlement agreement contained a stipulation that the defendants "owed [the plaintiff] $93,899.91," consisting of the "$89,922.65

principal" plus attorney's fees, costs, and interest. *Id*. Under the agreement, the defendants were only required to "pay [the plaintiff] $80,000," in a series of "installments." *Id*. The agreement provided, however, that "[i]n the event of a default of any payment" the court could "immediately . . . enter judgment against [the defendants] for any sums remaining unpaid on the amount stipulated to be due"— that is, the full "$93,899.91." *Id*.

Like our case, the defendants in *Crosby* "successfully made three payments" under the agreement, but they failed to make their fourth payment. *Id*. at 566–67. The plaintiff successfully moved for judgment under the default clause, but the trial court later vacated the judgment on other grounds that are inapplicable here *Id*.

On appeal, another question the District Court of Appeal considered was whether "the portion of the [settlement agreement] requiring [the defendants] to pay the remaining balance of the original $93,899.91[,] rather than the balance of the $80,000," was an unenforceable "penalty." *Id*. at 567. The defendants argued that it was. *Id*. In particular, they argued that "damages for the breach" of the settlement agreement were "the agreed upon amount of $80,000 less payments made," a figure that was "readily ascertainable," and that the higher stipulated amount was therefore improper. *Id*.

The District Court of Appeal rejected the defendants' argument and reversed the trial court's vacatur of the liquidated-damages award. *Id*. at 568. Importantly, the appellate court noted that *Crosby* — like this case — "d[id] not involve an original contract but one made to settle the controversy which arose out of the alleged breach

of the original contract." *Id.* at 567. Thus, "[r]ather than beginning with a lesser amount as the original debt and imposing a premium for nonpayment," the case "involve[d] a higher amount stipulated to be the amount owed." *Id.* Hence, under such circumstances, there is "little to be gained by engaging in an analysis of whether [the] escalation clause[ ] . . . should be classified as providing for a penalty [for breach] or a discount [to induce settlement]." *Id.* at 568. "A better approach," the court held, lies in "a recognition of the right of freedom of contract[,] at least where the larger amount payable upon default represents a legitimate amount as reflected by the record, a judgment or stipulation and where it is not a subterfuge for usury or an unconscionable premium." *Id.* Far from "violat[ing] public policy," the "enforcement of such a provision" could "encourage settlement of lawsuits." *Id.*

The facts of this case are directly in line with *Crosby*. Here, the original amount of damages claimed was at minimum the extent of the Plaintiff's investment in the commercial property, which was a 17.897% tenant-in-common interest for property valued at $16,427,000. That represented an investment of $1,999,989.75. The lawsuit alleged that this amount was at minimum the amount of damage suffered by this investor when the property was lost in foreclosure. Based on the alleged misconduct and misfeasance committed by Wojnar and the other defendants, claims of fraudulent concealment, aiding and abetting fraud, tortious interference, civil conspiracy, breach of fiduciary duty and aiding and abetting in that breach were found to be viable causes of action for trial. If proven, punitive damages could have

been recovered on top of either benefit of the bargain or reliance compensatory awards.

Given this undisputed record evidence, a compromised amount of recoverable damages through the settlement agreement of $500,000 is more than reasonable and justified. This contractually-agreed amount thus fully embodies a small portion of the original claimed indebtedness and thus "represents a legitimate amount as reflected by the record," and it is not a mere "subterfuge for usury or an unconscionable premium." *Id.* at 568.

Accordingly, under Florida law, the Court finds that this sum, less the amount of settlement payments timely made, is fully recoverable in this judgment that enforces the strict terms of the settlement and nothing more. The amount included in this judgment cannot possibly be deemed a "penalty" for a breach. It represents simply a compromised settlement amount for compensatory damages due and owing based on the allegations of the complaint. The Court thus holds that the amount requested in the motion should be granted in full. It also represents an amount that will be necessary to enforce this judgment, through the fees and costs that will be otherwise required to obtain payment on the settlement that would have not have been necessary had Wojnar simply complied with his end of the settlement bargain.

For that reason, the Court will enter the full amount of the judgment demanded in the motion. In the exercise of the Court's discretion, however, because the liquidated consent sum likely takes fees and costs into consideration, no additional fees or costs will be awarded at this time. That is without prejudice to any

additional fees or costs being incurred above and beyond what the parties' settlement could reasonably have anticipated.

### III.  CONCLUSION & JUDGMENT

For the foregoing reasons, the motion to enforce the settlement agreement [D.E. 332] is **GRANTED**.

Final judgment is hereby entered in favor of Plaintiff TIC PARK CENTRE 9, LLC, a Delaware limited liability company, and against Defendant MARK JOSEPH WOJNAR, for the amount of THREE HUNDRED FIFTY THOUSAND AND 00/100 DOLLARS ($350,000.00), for which sum let execution issue.  Post-judgment interest shall also accrue at the statutory rate of 3.62 percent per annum.

**DONE AND ORDERED** in Chambers at Miami, Florida this 16th day of September, 2022.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge